UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN BANK OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0092-CVE-MTS |
| | ) | |
| DAVID J. ROBINETT and | ) | |
| GAYLA E. ROBINETT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Summary Judgment (Dkt. # 33). Plaintiff American Bank of Oklahoma (American) filed this case to foreclose on a boat loan based on a cross-default provision in the loan agreement. American filed a motion for summary judgment in personam against defendants David and Gayle Robinett (the Robinetts) and in rem against their boat.[1]

## I.

On May 18, 2021, the Robinetts executed a promissory note to American in the amount of $300,896.50 for a loan to purchase a 2021 Invincible Fisherman boat, and the parties refer to this transaction as the Boat Loan. Dkt. # 33-1. The Boat Loan required the Robinetts to make 59 monthly payments of $2,078.98, with a balloon payment of $255,435.72 due on May 19, 2026. Id. at 1. The loan agreement contains separate provisions on cross-collateralization and cross-default.

---

[1] The Court notes that the motion for summary judgment (Dkt. # 33) is simply American's complaint (Dkt. # 2) re-filed with minor modifications. The motion repackages the statements of fact in the complaint as undisputed material facts, but the motion has little or no legal argument and the motion does not contain a standard of review. Defendants do not object to the motion for summary judgment on the basis of form, but plaintiff's counsel is advised that future motions for summary judgment must comply with Fed. R. Civ. P. 56 and LCvR 56.1.

As to cross-collateralization, the loan expressly states that "[t]he cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing." Id. at 2. The loan agreement contains a separate cross-default provision providing that "I will be in default if . . . I am in default on any other debt or agreement I have with [American]." Id. The Robinetts also executed a preferred ship mortgage pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 et seq. (CIMLA), and American recorded the mortgage with the United States Coast Guard on April 22, 2022. Dkt. # 33-2; Dkt. # 33-3.

On October 21, 2022, Robinett's Floor Covering, LLC (RFC) executed a promissory note for a loan from American in the amount of $1,699,440.24, and the Robinetts executed personal guaranties for the debt assumed by RFC. Dkt. # 33-4; Dkt. # 33-5; Dkt. # 33-6. RFC and the Robinetts personally have defaulted on the debt created by the promissory note issued to RFC, and American seeks to hold the Robinetts in default for the Boat Loan based on their default "on any other debt or agreement [they] have with [American]." Dkt. # 33, at 3. The parties agree that the Robinetts currently owe $241,184.27 on the Boat Loan. American asks the Court to enter in personam judgment against the Robinetts and in rem judgment against the boat. Id. at 4. American also asks the Court to order a judicial sale of the boat and declare that American has first priority to the proceeds of the boat sale. Id.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S.

2

242, 250 (1986); <u>Kendall v. Watkins</u>, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex</u>, 477 U.S. at 317.  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  <u>Id.</u> at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff."  <u>Anderson</u>, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Id.</u> at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. <u>Garratt v. Walker</u>, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

The parties substantially agree on the facts surrounding the Robinetts' default on the loan to RFC, but they dispute whether the default gives American the right to declare the Robinetts in default on the Boat Loan.  American argues that the Boat Loan contains a cross-default provision that

allows it to foreclose on the Boat Loan based on the Robinetts' default on the promissory note issued to RFC. Dkt. # 33, at 3; Dkt. # 37, at 2. The Robinetts respond that the "default on other debt" provision is a cross-collaterilization provision that is expressly prohibited by the terms of the Boat Loan, and American's attempt to accelerate a consumer loan based on the default on a separate commercial loan is prohibited by state and federal law. Dkt. # 36, at 4-5. The Robinetts also argue that American failed to timely file the preferred ship mortgage with the Coast Guard, and the evidence provided by American is insufficient to establish the amount of the debt owed by the Robinetts.[2]

The Robinetts contend that American is prohibited from invoking the "default on other debt" provision of the Boat Loan to accelerate the loan, because the Boat Loan expressly states that "any existing or future loan" may not be used as cross-collateralization. Dkt. # 36, at 6. The Robinetts claim that the prohibition on cross-collateralization "nullifies" any attempts to link the Boat Loan with the Robinetts' default on the flooring note. Id. They argue that the cross-default and cross-collateralization provisions create an ambiguity in the contract that must be construed against the drafter, and they claim that American failed to expressly advise them about the cross-default provision when they signed the Boat Loan. Id. at 6-7. The Robinetts' arguments conflate two provisions of the Boat Loan that have distinct and independent purposes, and the Court finds no

---

[2]     American filed a motion to amend its motion for summary judgment to correct the amount currently owed on the Boat Loan from $255,678.20 to $241,184.27. Dkt. # 38. The Court denied the motion for leave to file an amended summary judgment motion, but the parties were advised that the Court would reduce the amount in controversy to $241,184.27 if the Robinetts failed to object to the reduction. Dkt. # 39. No objection was filed and the Robinetts have effectively stipulated that the amount in controversy is $241,184.27, and the Court need not reach the Robinetts' argument that American has failed to offer sufficient evidence concerning the amount in controversy.

ambiguity in the terms of the Boat Loan.  The cross-collateralization provision prevents American from using any "existing or future loan" to secure the debt created by the Boat Loan, and the Boat Loan expressly identifies the preferred ship mortgage on the boat as the security for the Boat Loan. The cross-default provision identifies situations constituting default under the terms of the Boat Loan, but the cross-default provision does not permit American to use any other collateral to secure the Boat Loan.  American has merely relied upon the act of the Robinetts' default on the flooring note as a basis to accelerate the Boat Loan, which is permitted under the terms of the Boat Loan, and the Robinetts have failed to show that American is using any property linked with the flooring note as cross-collateralization for the Boat Loan.

The Robinetts argue that state and federal law prohibits American from using a consumer loan as a guaranty or collateral for a commercial loan, and they contend there is "a triable issue of fact" based on American's potential violation of state and federal lending laws.  Dkt. # 36.  However, the authority cited by the Robinetts is so general that the Court would effectively be making an argument for them.  See 15 U.S.C. § 1638(a)(9) ("For each consumer credit transaction other than an open end credit plan, the creditor shall disclose . . . [w]here the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type"); OKLA. STAT. tit. 14A, § 5-108 ("With respect to a consumer credit sale, consumer lease, or consumer loan, if the court as a matter of law finds the agreement or any clause of the agreement to have been unconscionable at the time it was made the court may refuse to enforce the agreement . . . .").  There is nothing facially unconscionable about a cross-default provision in a consumer loan agreement, and the authority cited by the Robinetts does not suggest that a cross-default provision

is invalid under state or federal law.  The Court also notes that American complied with § 1638(a)(9) by notifying the Robinetts in the written loan agreement that the boat would be used as collateral to secure the Boat Loan.  The Robinetts have failed to support their general argument concerning the alleged invalidity of the cross-default provision with any factual or legal argument, and the Court finds no basis to find the cross-default provision to be invalid or unconscionable under state or federal law.

The Robinetts' final argument concerns the validity of the preferred ship mortgage rather than their underlying liability to American, and the Robinetts argue that American cannot obtain an in rem judgment against the boat due to its delay in filing the preferred ship mortgage with the Coast Guard. Dkt. # 36, at 8.  The Robinetts claim that the alleged delay in filing the preferred ship mortgage creates a factual dispute concerning American's perfection of the preferred ship mortgage.  Id. The Robinetts cite no legal authority that delay in filing affects the validity of a preferred ship mortgage, and American has provided a copy of confirmation documents showing that the mortgage was recorded with the Coast Guard as required by 46 U.S.C. § 31321.  Dkt. # 33-3.  There is no factual dispute concerning the recording of the preferred ship mortgage and, even if there were some delay in recording the mortgage with the Coast Guard, the Robinetts have cited no authority suggesting that this would prevent the Court from entering in rem judgment against the boat.

Based on the undisputed material facts, the Court finds that the Boat Loan is a binding loan agreement between American and the Robinetts, and the Boat Loan contains an enforceable cross-default provision that allows American to declare the Robinetts in default if they "default on any other debt or agreement [they] have with [American]."  Dkt. # 33-1, at 2.  There is no dispute that RFC defaulted on a separate note securing a commercial loan and that the Robinetts also defaulted

6

on personal guaranties executed as security for the flooring loan.  American recorded the preferred ship mortgage with the Coast Guard.  The Court finds that American's motion for summary judgment should be granted as to entry of <u>in personam</u> judgment against the Robinetts and <u>in rem</u> judgment against the boat for $241,184.27.  However, the Court finds that it would be premature to order a sale of the boat or declare that American has priority over all other creditors, and those matters are reserved for post-judgment proceedings concerning the collection of the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Dkt. # 33) is **granted in part** and **denied in part**: the motion is granted as to the <u>in personam</u> and <u>in rem</u> judgment and foreclosure of the Boat Loan, but the motion is denied as to plaintiff's request to order a judicial sale of the boat or to declare that American has priority over other potential creditors with a security interest in the boat.

**IT IS FURTHER ORDERED** that American shall submit a proposed judgment, approved as to form and as outlined above, to the Court's CM-ECF Intake Box no later than **February 17, 2026**.

**DATED** this 2nd day of February, 2026.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE